AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Northern District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  2:26-MJ-114 |
| | ) | |
| Erubiel Andres Calderon-Olivera | ) | |
| | ) | |
| *Defendant(s)* | | |

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FILED**

JUN 2 2 2026

**CLERK, U.S. DISTRICT COURT**
By _____
**Deputy**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____June 20, 2026____ in the county of ____Carson____ in the

____Northern____ District of ____Texas____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi) | Possession with Intent to Distribute 400 Grams or More of Fentanyl |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Thomas Newton, DEA TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (specify reliable electronic means).

Date:  6/22/26

_____
*Judge's signature*

City and state:      Amarillo, Texas

Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

No. 2:26-MJ-114

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Thomas Newton, being sworn, depose and state as follows:

1)      I am a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA).

2)      I am assigned to the DEA's Amarillo Resident Office (ARO).  I was hired as a police officer with the Amarillo Police Department (APD) in June 2005. I was assigned to the Amarillo Police Department Narcotics unit from 2022 until my current assignment as a TFO with DEA's ARO.  In connection with my duties and responsibilities as a Task Force Officer, I have received extensive training in narcotics trafficking investigations, including, but not limited to, conducting surveillance, smuggling, conducting undercover operations, packaging methods, utilizing confidential sources, and executing arrest and search warrants.

3.      This affidavit is made in support of a complaint and arrest warrant for Erubiel Andres CALDERON-OLIVERA. I am familiar with the information contained in this affidavit based on my own personal investigation and conversations with other law enforcement officers involved in this investigation.

4. On June 20, 2026, a 100 District Attorney Interdiction unit observed a vehicle traveling eastbound on Interstate 40 in Carson County. The Interdiction agent noted that the vehicle was exceeding the posted speed limit and driving on the improved shoulder in violation of the Texas Transportation Code. Based on the traffic violation observed, the Interdiction agent conducted a traffic stop on Interstate 40 at mile marker 104 in Carson County.

5.      The driver was contacted and identified as Erubiel Andres CALDERON-OLIVERA. As the Interdiction agent spoke with CALDERON-OLIVERA, signs of deception were observed during the roadside stop. The Interdiction Agent obtained consent to search the vehicle, however, a K9 trained in narcotic detection was used to conduct a free air sniff on the vehicle. The K9 alerted to the vehicle, leading to a probable cause search.

6.      During the probable cause search of the vehicle, two wrapped packages were found hidden in the ventilation system of the dashboard, containing approximately 2,449 gross grams of a white powder suspected to be fentanyl. The powder was later confirmed to be fentanyl with a presumptive field test indicating a positive result.

7.     CALDERON-OLIVERA was taken to the Texas Department of Public Safety (DPS) office in Panhandle, Texas, for an interview. During a Mirandized interview with CALDERON-OLIVERA, he admitted that he was transporting the narcotics for money. CALDERON-OLIVERA stated he would receive $7000 in U.S. currency after dropping off the narcotics. CALDERON-RIVERA said that after dropping off the narcotics, he would pick up money to take back to Las Vegas, Nevada.

8.     CALDERON-OLIVERA stated that this is the second trip he has taken from Las Vegas, Nevada, carrying two kilograms each time. CALDERON-OLIVERA also said he made one earlier trip transporting 1 kilogram of narcotics from California to Las Vegas, Nevada. CALDERON-OLIVERA acknowledged he was aware that he was transporting narcotics.

9.     After the termination of the interview, CALDERON-OLIVERA was transported to Randall County Detention Center and booked with a federal hold.

_____
Thomas Newton
DEA Task Force Officer

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 22nd day of _June_____, 2026.

Lee Ann Reno, U.S. Magistrate Judge          _Lee Ann Reno_____
Name and Title of Judicial Officer                Signature of Judicial Officer

Anna Marie Bell
Assistant United States Attorney